Gilmore, J.
Two questions are presented on the record 1. Did the Court of Common Pleas err in admitting the *478 testimony objected to? If so, 2. "Will we presume that it was prejudicial to the defendant below?
The counsel for defendants in error does not attempt to defend the competency or admissibility of the testimony objected to on general principles, but contends, “ that to enable the court to reverse this judgment for this alleged error, it must find that at no stage of the case, and under no possible condition of the evidence, this testimony would have been competent.” Cases might arise in which the rule contended for would be applicable, but this is not one of them. As we read and understand the record, it leaves no ground for conjecture as to the stage of the case or the ■condition of the evidence at the time the testimony objected to was admitted.
The office of a bill of exceptions is to put the decision objected to upon the record in such a way that the reviewing court may be advised of the point decided. The bill of exceptions before us does this. It shows that the plaintiffs (below), “to maintain the issue on their part, called a witness in their behalf, . . . and asked him to state,” etc.—propounding the question objected to. The question was not framed with a view of eliciting an answer either in contradiction of the statements of any witness, or to rebut testimony given on the other side; but with a view not only of obtaining an affirmation of the fact that an offer to compromise had been made, but also the terms of the offer.
That this was the character of the question is apparent from the rulings of the court, which excluded the terms, but admitted in evidence the fact that the offer had been made. In connection with these facts and circumstances, the meaning of the language used, fairly construed, is, that the testimony objected to and admitted was direct testimony in chief for the plaintiffs below. The decision of the ■court below, as thus presented, is assigned for error.
An offer to compromise, made in good faith for the purpose of buying peace and avoiding litigation, can not be given in evidence as an admission by the party making it. 2 Starkie on Ev. 38. Such admissions are to be excluded *479 on the ground of public policy, for, without this protective, rule, it would be difficult to take any step toward an amicable adjustment or compromise. It is the condition, tacit or express, that no advantage shall be taken of offers made with a view to and in furtherance of an amicable adjustment, that operates to exclude them. Greenl. Ev., sec. 192; Jones v. Foxall, 13 Eng. Law and Eq. 140. In the latter case, there was a question as to the competency and effect of certain letters written with a view to a compromise of the matters in dispute between the parties; and Sir Samuel' Romilly, Master of the Rolls, after animadverting severely upon the practice of attempting to convert offers to compromise into admissions and acts prejudicial to the parties making them, concludes as follows : “ In my opinion, such letters and offers are admissible for one purpose only, videlicet,to show that an attempt has been made to compromise the suit, which may sometimes loe necessary; as, for instance, in order to account for lapse of time, but never to fix the persons making them with admissions contained in such letters; and I shall do all I can to discourage this, which I consider to be a very injurious practice.”
In view of these authorities, as well as upon principle, we are of opinion that the fact that an offer to compromise the matters in dispute between the parties was made by the defendant to the plaintiffs below, either before or after the action was commenced, was incompetent either as evidence of ufact from which his liability might be inferred, or as an admission of such liability. The court erred, therefore, in admitting such testimony.
2. Was the defendant below prejudiced by the testimony thus erroneously admitted ?
The evidence is not all set out on the record, but the incompetent testimony which was admitted is clearly shown. When thus admitted, the jury was at liberty to regard it either as an implied admission that the merits of the case were in some way unknown to them, but of which he was conscious, against the party, making the offer, or as a fact, from which the same conclusion might be fairly inferred *480 against him. In one or the other of these ways only could it tend “to maintain the issue” for the plaintiffs below.. It was introduced for this purpose, and we can not assume that the jury did not so use it. At all events, if it was-not of a decidedly dangerous character, it was at least well calculated to mislead the jury. In such case it will be presumed that it was prejudicial to the party against whom it was offered. Baldwin v. Bank of Massillon, 1 Ohio St. 141 Lowe v. Lehman, 15 Ohio St. 179; Thompson v. Lothrop, 21 Pick. 340; Wilson v. Barkalow, 11 Ohio St. 470.
Motion granted. Judgments of the District Court and Court of Common Pleas reversed, and cause remanded to-the latter court for a new trial.
Welch, C.J., White, Res, and McIlvaine, J.J., concurred.